**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gray M. DOTSON, also known as Big
Daddy, Defendant–Appellant.**

**No. 06–30053.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 3, 2006.

Robert William Piedrahita, Assistant U.S. Attorney, U.S. Attorney's Office, Middle District of Louisiana, Baton Rouge, LA, for Plaintiff–Appellee.

Joseph Kelsey Scott, III, Baton Rouge, LA, for Defendant–Appellant.

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM: *

Gray M. Dotson appeals from his conviction by guilty plea of conspiring to possess with intent to distribute methamphetamine, making a false statement to a firearms dealer, possessing with intent to distribute methamphetamine, possessing a firearm in furtherance of a drug-trafficking offense, and witness-tampering. Dotson contends that the district court erred by denying his motion to withdraw his guilty plea.

The district court did not abuse its discretion by denying Dotson's motion to withdraw his plea. *See United States v. Grant,* 117 F.3d 788, 789 (5th Cir.1997). The district court held a lengthy hearing on Dotson's motion to withdraw and correctly determined that the factors enumerated in *United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir.1984), weighed against Dotson. Dotson's motion to withdraw relied primarily on his assertion that he received ineffective assistance of trial counsel. The district court's implicit factual findings based on the testimony of Dotson's two attorneys are not clearly erroneous. *See United States v. Cuyler,* 298 F.3d 387, 389 (5th Cir.2002). On those implicit factual findings, Dotson has failed to demonstrate that his attorneys' performance was deficient or that his plea was involuntary because, but for counsel's al-

---

leged errors, he would have pleaded not guilty and proceeded to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.